## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## SAN ANGELO DIVISION

| | |
|---|---|
| DETRINA R. SOLOMON, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 6:21-cv-00063 |
| RESURGENT CAPITAL SERVICES, L.P., and LVNV FUNDING, LLC, | DEMAND FOR JURY TRIAL |
| Defendants. | |

## **COMPLAINT**

NOW comes DETRINA R. SOLOMON ("Plaintiff"), by and through the undersigned, complaining as to the conduct of RESURGENT CAPITAL SERVICES, L.P. ("Resurgent") and LVNV FUNDING, LLC ("LVNV") (collectively "Defendants"), as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.* for Defendants' unlawful conduct.

### JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, as well as 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

1

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Texas and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Texas.

4.   Joinder of Plaintiff's claims against Defendants is proper pursuant to Fed. R. Civ. P. 20(a)(2) as the conduct arises out of a the same transaction, occurrence, or series of transactions and occurrences and common questions of law and fact will arise.

**PARTIES**

5.   Plaintiff is a consumer over 18 years of age residing in San Angelo, Texas, which lies within the Northern District of Texas.

6.   Resurgent is a third party debt collector purported to be "experts"[1] in the debt collection industry. Resurgent is a limited partnership organized under the laws of the state of Delaware with its principal place of business located at 55 Beattie Place, Suite 110, Greenville, South Carolina.

7.   LVNV is a company that "purchases portfolios of . . . consumer debt owned by credit grantors including banks and finance companies, and by other debt buyers."[2] LVNV is a limited liability company organized under the laws of the state of Delaware and its principal place of business is located at 6801 South Cimarron Road, Suite 424-J, Las Vegas, Nevada.

8.   Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

9.   The instant action arises out of the nature of Defendants' attempts to collect on a consumer debt ("subject debt") said to be owed by Plaintiff in connection with a personal line of credit.

---

[1] https://www.resurgent.com/
[2] http://www.lvnvfunding.com/

10. Upon information and belief, after Plaintiff's purported default on the subject debt, the subject debt was charged off and subsequently sold to LVNV, who in turn utilized Resurgent to attempt to collect upon the subject debt.

11. Beginning in approximately April 2021, Resurgent began sending Plaintiff collection emails attempting to collect upon the subject debt.

12. The collection emails represented that the subject debt had a balance of $790.37.

13. Resurgent's emails were sent on a weekly basis.

14. On or about May 25, 2021, Resurgent sent Plaintiff a collection email which states, "[y]ou've unlocked today's special discounted offer."

15. The email offered Plaintiff a settlement of $450 to resolve the subject debt.

16. The email further states that "we cannot guarantee that this offer will be available in the future, as offers are subject to change."

17. As a result of the nature of Resurgent's settlement offer, it was represented to Plaintiff that the offer to resolve for a reduced balance was time sensitive and available for that day only, and that by failing to respond on that day she may lose out on similar offers down the line.

18. However, Resurgent's subsequent emails underscore the deceptive and misleading nature of their representations.

19. A week later, Resurgent sent a nearly identical email, except that it offered to resolve the subject debt for $395.16.

20. Resurgent persisted in offering and reoffering purportedly time sensitive offers for weeks, further illustrating their deceptive and misleading conduct.

21. Resurgent's collection emails were constructed to mislead and deceive Plaintiff into accepting seemingly time sensitive offers, when in fact such offers are not so time-sensitive.

22. Courts have fashioned safe harbor language which shields debt collectors from liability when making purportedly time sensitive offers; however, Defendant's collection letter fails to include such language – instead including language that only further suggests the offers' time sensitive nature.

23. Plaintiff has suffered concerted harm as a result of Defendants' conduct, including but not limited to expending time addressing and dealing with Defendants' conduct, being deprived the ability to intelligently chart a course of conduct in response to Defendants' collection efforts given Defendants' misleading conduct, risk of harm to Plaintiff's interests protected by the FDCPA, and numerous violations of her state and federally protected interests to be free from deceptive and misleading debt collection conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff repeats and realleges paragraphs 1 through 24 as though fully set forth herein.

25. Plaintiff is a  "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

26. Defendants are "debt collector[s]" as defined by §1692a(6) of the FDCPA, because they regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts originally owed to others. Defendants are further businesses whose principal purpose is the collection of debts.

27. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

28. LVNV is both directly liable for its conduct as a debt collector in relation to the subject debt, as well as vicariously liable for the violations of law engaged in by its agent, Resurgent, given the existence of a principal-agent relationship between the parties.

   **a.   Violations of FDCPA § 1692e**

4

29. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

30. In addition, this section enumerates specific violations, such as:

"The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A)

"The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

31. Defendant violated §§ 1692e, e(2)(A), and e(10) through its false, deceptive, and misleading representations as to the time-sensitive nature of the settlement offer referenced in its collection letter. As discussed above, Defendant's collection letter explicitly noted that the offer contained therein was time-sensitive. However, upon information and belief, Defendant's representation as to the time-sensitive nature of the offer was false, deceptive, and misleading, and Defendant would have made such offer, or even more favorable offers, at any point in the collection cycle. Defendant could have provided "safe harbor" language to make its time-sensitive offer more clear; however, Defendant chose not to use such language in a deceptive and misleading effort to compel Plaintiff's prompt payment on the subject debt, notwithstanding the false, deceptive, and misleading nature of the representations compelling such action.

WHEREFORE, Plaintiff DETRINA R. SOLOMON, respectfully request that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff costs and reasonable attorneys' fees as provided under 15 U.S.C. §1692k(a)(3); and

d.  Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

32. Plaintiff restates and realleges paragraphs 1 through 31 as though fully set forth herein.

33. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

34. Defendants are "debt collector[s]" and "third-party debt collector[s]" as defined by Tex. Fin. Code Ann. § 392.001(6) & (7).

35. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

### a.  Violations of TDCA § 392.304

36.  The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19) prohibits a debt collector from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

37.  Defendants violated the TDCA through their deceptive and misleading efforts to collect upon the subject debt. Defendants deceptively represented the time sensitive nature of their settlement offers.

WHEREFORE, Plaintiff DETRINA R. SOLOMON respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.  Awarding Plaintiff injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c.  Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d.  Awarding Plaintiff costs and reasonable attorneys' fees, pursuant to Tex. Fin. Code Ann. § 392.403(b); and

    e.  Awarding any other relief as this Honorable Court deems just and appropriate.


Dated:  October 7, 2021                Respectfully submitted,

s/ Nathan C. Volheim                s/Eric D. Coleman
Nathan C. Volheim, Esq. #6302103     Eric D. Coleman, Esq. #6326734
Counsel for Plaintiff                Counsel for Plaintiff
Admitted in the Northern District of Texas    Admitted in the Northern District of Texas
Sulaiman Law Group, Ltd.           Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200    2500 South Highland Ave., Suite 200
Lombard, Illinois 60148           Lombard, Illinois 60148
(630) 568-3056 (phone)           (331) 307-7648 (phone)
(630) 575-8188 (fax)             (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com       ecoleman@sulaimanlaw.com


s/ Alejandro E. Figueroa
Alejandro E. Figueroa, Esq. # 6323891
Counsel for Plaintiff
Admitted in the Northern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois
(630) 575-8181, ext. 120 (phone)
(630) 575-8188 (fax)
alejandrof@sulaimanlaw.com

7